# Stetson, Appellant, v. Rosenberger.

*Sheriff's sale—Proceedings to obtain possession—Act of June* 16, 1836.

Where proceedings under the act of June 16, 1836, to obtain possession of land bought at sheriff's sale, have been certified to the common pleas, and the defendant files a plea of not guilty, and a judgment results for the defendant, which judgment is reversed by the Supreme Court, and the lower court in compliance with the order of the Supreme Court, and upon motion of plaintiff, enters judgment for plaintiff, the latter is not entitled thereafter to a writ of inquiry to assess the damages for the unjust detention of the premises.

In such a case when the Supreme Court reversed the judgment, two courses were open to the plaintiff, either to move that court to award a venire facias de novo, or to move the common pleas to enter judgment in conformity with the opinion of the Supreme Court. Having chosen the latter course, he is bound by it, since the act does not contemplate two trials, one before the court and jury to determine the right of possession, and the other before a sheriff's jury, to determine the question of damages.

Argued Dec. 4, 1901. Appeal, No. 250, Oct. T., 1901, by plaintiff, from order of C. P. Montgomery Co., June T., 1897, No. 195, setting aside writ of inquiry in case of John B. Stetson v. Isaac R. Rosenberger, Trustee. Before RICE, P. J., BEAVER, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Motion for writ of inquiry.

The opinion of the Superior Court states the case.

*Error assigned* was order of the court setting aside writ of inquiry.

*Louis M. Childs,* with him *A. R. Place,* for appellant.— When the proceeding is certified from the justice to the common pleas, the proceedings in the court are not a new action of ejectment but a mere certiorari of the proceedings before the justice into the court, to be there tried, and constitute a mere continuance of the original proceeding, including the assessment of damages : Walker v. Bush, 30 Pa. 352.

By reason of the special provisions of the act of assembly, under which this proceeding was brought, the recovery of damages for detention is an integral part of the proceedings,

and this recovery is not controlled by the law respecting action of ejectment.

*N. H. Larzelere,* with him *M. M. Gibson.* and *G. R. Fox,* for appellees, cited: Warren v. Steer, 118 Pa. 529; Johnson v. Hessel, 134 Pa. 315.

OPINION BY RICE, P. J., March 14, 1902:

This was originally a proceeding before a justice of the peace under the act of June 16, 1836, to obtain possession of land bought by the plaintiff at sheriff's sale. Mollenhower, the original defendant in the proceeding, having made affidavit that he did not hold possession under the defendant as whose property the premises were sold, but under Isaac R. Rosenberger, trustee, the justice issued a summons to Rosenberger, the present defendant. He appeared, filed his affidavit of claim, and entered into the recognizance required by sections 116 and 117, whereupon the justice certified the cause to the common pleas. A declaration was filed in which damages for the detention of possession were claimed, and upon the trial of the case evidence was given in support of the claim. The court gave the jury binding instructions to find for the defendant. The plaintiff appealed the case to the Supreme Court where it was held that the court should have directed the jury to render a verdict in favor of the plaintiff: Stetson v. Rosenberger, 196 Pa. 534. The order made by the Supreme Court was: "Judgment reversed with direction to the court below to enter a judgment in conformity with this opinion." The record having been remitted to the court below, the plaintiff moved for judgment in accordance with the opinion of the Supreme Court, and judgment was accordingly entered. Subsequently he petitioned the Supreme Court for "an order directing that venire issue out of the court of common pleas for a jury to assess the damages occasioned by the detention of possession by the defendant." After this petition was dismissed, he petitioned the common pleas "to issue writ in inquiry of damages." In an opinion filed the court refused this petition, and also set aside a writ of inquiry which had been issued previously upon the plaintiff's præcipe. The plaintiff then took this appeal, and has assigned for error the setting aside of the writ of in-

quiry. The damages he seeks to recover are those that had accrued prior to the entry of final judgment of ouster.

Section 11 of the act of 1836 provides that in case of a finding for the petitioner, the jury shall assess such damages as they shall think right, against such defendant or person in possession, for the unjust detention of the premises, and thereupon judgment shall be entered for the damages, and reasonable costs, which judgment "shall be final and conclusive to the parties." If the case is certified into the common pleas, the jury sworn to try the issue there has the same power, for, "this is equivalent to removal by certiorari to a higher court for trial, and all proceedings thereafter are a part of the same cause that was begun before the justices, and not a new cause; and the damages for wrongful detention are properly included in the verdict, even though notice of such a claim be not given:" Walker v. Bush, 30 Pa. 352. The act does not contemplate two trials, one before court and jury to determine the right of possession and the other before a sheriff's jury to determine the question of damages. It provides for the determination of both questions in a single trial before the same tribunal. The plaintiff's counsel do not dispute this general proposition, but contend that under the exceptional circumstances, of this case, the only remedy open to their client is by writ of inquiry, and that in order to do justice, it is necessary and permissible for us to treat the judgment now entered in the court below as double in its nature, that is final, so far as the recovery of possession is concerned, but interlocutory so far as the damages are concerned, in that it merely determines the right to have the damages, leaving their assessment to be made in the mode proposed. We do not see how this position can be sustained. The defendant did not allow judgment to go against him by default but by his plea of not guilty, not only put in issue the right to recover possession, but also enabled the plaintiff to have the damages that had accrued, if he was entitled to damages, assessed by the jury sworn to try the main issue. Such being the nature of the proceeding, and of the issue, there was no necessity for a common-law writ of inquiry. and it has been decided that the British statute (16 & 17 Charles II, c. 8; Robert's Digest, 42), providing in section 4 for a writ of inquiry, as well as of the mesne profits as of the damages by any waste

committed after the first judgment in dower or in ejectione firmae, is not now in force in Pennsylvania: Warren v. Steer, 118 Pa. 529; Johnson v. Hessel, 134 Pa. 315. It seems to us that when the Supreme Court reversed the judgment, two courses were open to the plaintiff, either to move that court to award a venire facias de novo, or to move the common pleas to enter judgment in conformity with the opinion of the Supreme Court. Having chosen the latter course, the dismissal by the Supreme Court of his subsequent application is easily understood. A final judgment had been entered upon his own motion which ended that proceeding. The common pleas properly took the same view.

The order is affirmed.